NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHANIEL DAVIES, | Civil Action No. 13-2218 (WJM) |
| Petitioner, | |
| v. | OPINION |
| ROY L. HENDRICKS, et al., | |
| Respondents. | |

**APPEARANCES**:

>NATHANIEL DAVIES, A 046 824 674
>Essex County Correctional Center
>354 Doremus Avenue
>Newark, New Jersey 07105
>Petitioner Pro Se

**MARTINI, District Judge**:

Nathaniel Davies filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his post-removal-period detention at Essex County Correctional Center in the custody of the Department of Homeland Security ("DHS") without a bond hearing.  This Court will summarily dismiss the Petition because Davies has not alleged facts showing:  (1) he has been detained for more than six months after the beginning of the removal period, and (2) there is "good reason to believe that there is no significant likelihood of removal [to Liberia] in the reasonably foreseeable future," as required by Zadvydas v. Davis, 533 U.S. 678, 701 (2001), to make the government respond with evidence sufficient to rebut that showing.

**I.   BACKGROUND**

Nathaniel Davies asserts that he is a native and citizen of Liberia.   On September 25, 1999, he entered the United States as a lawful permanent resident and he resided with his family in Trenton, New Jersey, until he was convicted of a drug offense.   On February 16, 2012, DHS issued a notice to appear for removal based on the drug conviction.   When New Jersey released Davies on parole on June 21, 2012, DHS took him into custody pursuant to a detainer and confined him at Essex County Correctional Facility, where he is currently detained.   On September 25, 2012, Immigration Judge Leo Finston denied his request for asylum and ordered him removed to Liberia.

On December 26, 2012, DHS informed Davies that, after a custody review, DHS decided not to release him from custody pending his removal to Liberia.   (ECF No. 1 at 26.)   Specifically, DHS determined that, based on his extensive criminal history since 2005 and his conviction for distribution and manufacture of heroin and cocaine, his release would pose a danger to the community.   Id.   On March 27, 2013, DHS informed Davies that, after conducting a review of his file and considering the documents submitted by Davies, DHS will not release Davies at this time.   (ECF No. 1 at 27.)   Specifically, the decision states:

> A request for a travel document was submitted on your behalf to the government of Liberia.   The government of Liberia has not denied issuing you a travel document and the request is still pending.   Your removal to Liberia is expected to occur in the reasonably foreseeable future; therefore you are to remain in ICE custody at this time.
>
> This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely.

(ECF No. 1 at 27.)

Davies filed his § 2241 Petition on April 9, 2013.  Davies states that this Court "must make a finding that petitioner has shown there is no significant likelihood of his removal in the reasonably foreseeable future."  (ECF 1 at 18.)  He further alleges:  "If the DHS/ICE asserts that it is routinely remov[ing] aliens to Liberia, then this fact may underscore the problem it is having in removing petitioner, particularly since petition[er] has been i[n] DHS/ICE custody since September 25, 2012, and his travel document has been 'requested' from the Embassy and 'pending' since at least March 2012.  There is no sig[n] that Embassy will issue Mr. Davies a travel document.  Consulate confirms to ICE that Mr. Davies is a Liberian Citizen but did not issue any document."  (ECF No. 1 at 18.)  Davies challenges his detention on the following grounds:

> I. PROLONGED DETENTION ABSENT A "CONSTITUTIONALLY ADEQUATE HEARING" WHERE THE GOVERNMENT SHOWS THAT DETENTION IS JUSTIFIED, VIOLATES PETITIONER'S DUE PROCESS RIGHTS.
>
> II. DETENTION IS "PROLONGED" IN NATURE WHENEVER IT EXTENDS PAST SIX MONTHS AND BOTH THE LENGTH OF DETENTION TO DATE AND LENGTH OF FUTURE DETENTION DEFINE THE REASONABLENESS OF SAID DETENTION.
>
> III. THE DUE PROCESS CLAUSE CONFERS "STRONG PROCEDURAL PROTECTION" REQUIRING THE GOVERNMENT TO ENSURE THAT DETENTION IS JUSTIFIED.
>
> IV. UNDER THE RULE OF "CONSTITUTIONAL AVOIDANCE," 8 U.S.C. § 1231(a) DOES NOT APPLY TO ALIENS WITH SUBSTANTIAL CLAIMS AGAINST REMOVAL.

(ECF No. 1 at pp. 10, 11, 12, 17.)

Davies seeks a writ of habeas corpus directing respondents to explain why he should not be released, declaring that he is eligible for release on bond and that he is not a danger to the community, or granting immediate release. (ECF No. 1 at 22.)

## II.   DISCUSSION

A.   Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights.  See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005).

B.   Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).  Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable

4

through Rule 1(b). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Id.; see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.   Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). See Demore v. Kim, 538 U.S. 510 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process"). Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." See  8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A).

This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in Zadvydas that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. Id. at 701. But the Supreme Court also held that, to state a claim under § 2241, the alien must provide in the petition good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement

> grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

In this case, Davies states that an Immigration Judge ordered his removal on September 25, 2012. Nothing in the Petition suggests that Davies appealed the order of removal to the Board of Immigration Appeals and, in the absence of an administrative appeal, the order of removal became final[1] on October 25, 2012, when the time for seeking review by the BIA expired. See 8 C.F.R. § 1240.15 (An appeal from a decision of an immigration judge to the BIA "shall be filed within 30 calendar days after the mailing of a written decision, the stating of an oral decision, or the service of a summary decision"). Since the removal period begins on the "date the order of removal becomes administratively final," 8 U.S.C. § 1231(a)(1)(B)(i), Davis's removal period began on October 25, 2012, when the time to appeal to the BIA expired. Accordingly, the six-month presumptively reasonable period of post-removal-period detention will not expire until April 25, 2013.

"This 6-month presumption [ ] does not mean that every alien not removed must be released after six months." Zadvydas, 533 U.S. at 701. Moreover, the burden to show that removal is foreseeable does not fall on DHS. Rather, the Zadvydas Court expressly held that the

---

[1] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); see also 8 C.F.R. § 1241.1; Giraldo v. Holder, 654 F.3d 609, 611 (6th Cir. 2011); Hakim v. Holder, 611 F.3d 73, 77 (1st Cir. 2010); Chupina v. Holder, 570 F.3d 99, 103 (2d Cir. 2009); United States v. Calderon-Minchola, 351 Fed. App'x 610, 611 n.1 (3d Cir. 2009).

7

alien must provide good reason to believe removal is not foreseeable before DHS will be required to respond: "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701; see also Barenboy v. Attorney General of U.S., 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

  The instant Petition must be dismissed because (1) the presumptively reasonable six month period for removal has yet to expire, and (2) Davies "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Encarnacion-Mendez v. Attorney General of U.S., 176 Fed. App'x 251, 254 (3d Cir. 2006). Accordingly, Zadvydas requires this Court to dismiss the Petition without ordering the government to respond, as Davies has not alleged facts showing that his detention violates the Constitution, laws or treaties of the United States.[2] See, e.g., Joseph v. United States, 127 Fed. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under Zadvydas, a petitioner must provide 'good reason' to believe

---

[2] Davies contends that DHS violated his procedural due process rights by failing to give him a hearing, but the claim lacks merit. Under Zadvydas, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period and he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701. Moreover, Davies raises the canon of constitutional avoidance, but the canon is inapplicable, as the Zadvydas Court construed § 1231(a)(6) and there is nothing more for this Court to construe.

there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here"); Soberanes v. Comfort, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").   The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) after April 25, 2013, in the event that Davies can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

### III.   CONCLUSION

The Court will dismiss the Petition.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED:   April 18, 2013